UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARILYN WALTON,                    )
                                   )
            Plaintiff              )
                                   )
      v.                           )   Case No. 2:07 cv 331
                                   )
U.S. STEEL; UNITED STATES STEEL)
CORPORATION,                       )
                                   )
            Defendants             )

## OPINION AND ORDER

This matter is before the court on the Rule 56(f) Motion for a Stay of Summary Judgment and to Compel Discovery Relevant to Summary Judgment [DE 53] filed by the plaintiff, Marilyn Walton, on October 30, 2009. For the reasons discussed below, the motion is **GRANTED.**

## Background

On September 21, 2007, Marilyn Walton filed her *pro se* Complaint and raised four counts against United States Steel Corporation: Count I - Retaliatory Discharge in Violation of Title VII; Count II - Maintaining a Hostile Work Environment; Count III - Breach of Contract; and Count IV - Racial Discrimination. This complaint was amended at a later date to allege three counts against U.S. Steel: Count I - Racial Discrimination in Violation of 42 U.S.C. §2000 *et seq.* (Title VII of the Civil Rights Act of 1964); Count II - Race Discrimination in Violation of 42 U.S.C. §1981; and Count III - Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3).

The court originally set a discovery deadline of November 28, 2008. On November 4, 2008, Walton filed a motion to extend the discovery deadline. U.S. Steel did not object, and the court granted this motion and extended the discovery deadline to February 27, 2009. While acting *pro se*, Walton failed to conduct any discovery. On February 20, 2009, seven days before the close of discovery, Barry A. Gomberg filed his appearance on behalf of Walton. At that time counsel requested an extension of time on the discovery deadline. This motion was denied without prejudice on June 25, 2009, based upon discussions at a status conference and U.S. Steel's intention to file a motion for summary judgment. This court set a deadline for that dispositive motion and instructed Walton to file a Rule 56(f) motion if she could not respond to the summary judgment on the merits.

## Discussion

Federal Rule of Civil Procedure 56(f) states, "If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order." In order to succeed on a Rule 56(f) motion, the plaintiff must identify the specific evidence which would create a genuine issue of fact. ***American Needle, Inc v. National Football League***, 538 F.3d 736, 740 (7th Cir. 2008). "Summary judgment should not be entered 'until the party opposing the motion has had a fair opportunity to conduct such discovery as may be neces-

sary to meet the factual basis for the motion.'" *Chalimoniuk v. Interstate Brands Corporation*, 172 F.Supp.2d 1055, 1057-58 (S.D. Ind. 2001)(*quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  Rule 56(f) is not meant to allow a party to delay summary judgment simply by offering generalities about the need for further discovery. *Woods v. City of Chicago*, 234 F.3d 979, 990-91 (7th Cir. 2001).  "Rule 56(f) does not operate to protect parties who are dilatory in the pursuit of discovery." *Allan Block Corp. v. County Materials Corp.*, 588 F.Supp.2d 976, 980 (W.D. Wis. 2008)(citing *Doty v. Illinois Cent. R. Co.*, 162 F.3d 460, 461-62 (7th Cir. 1998)).

A court may grant a Rule 56(f) motion on the grounds that issues of material fact were in dispute and the requesting party deserved the opportunity to conduct discovery before responding to the pending motion.  *See Chalimoniuk*, 172 F.Supp.2d at 1057-58 (granting Rule 56(f) motion when plaintiff moved for summary judgment before any discovery had taken place).

However, a court may deny a Rule 56(f) motion when a party fails to pursue discovery in the allotted timeframe.  *See Allan Block Corporation*, 588 F.Supp.2d at 980-81 ("It would be . . . inappropriate to continue trial to permit yet another period of discovery when plaintiff has failed to take full advantage of two lengthy opportunities for discovery.").  *See also Hu v. Park National Bank*, 333 F'Appx. 87, 89-90 (7th Cir. 2009) (affirming denial of Rule 56(f) motion because the plaintiff "did nothing during discovery" and waited until two months after Park National Bank had filed its motion for summary judgment to ask for addi-

tional time for discovery). Likewise, a court may deny a Rule 56(f) motion because the requesting party has failed to identify with specificity the evidence it expects to obtain with the additional discovery or how it would create a genuine issue of material fact. *See* ***American Needle, Inc.,*** 538 F.3d at 740 (affirming district court's denial of Rule 56(f) motion).

The facts of this matter can be distinguished from all of the cases cited above. Like ***Allan Block*** and ***Hu***, Walton conducted virtually no discovery during the court-ordered timeframe, imparting a lack of diligence. However, it is apparent that Walton sought counsel and, although it was late in the discovery period, she made the proper requests to extend discovery before the discovery deadline. Furthermore, Walton's attorney filed this timely Rule 56(f) motion in hopes to extend discovery in the manner discussed at the status conference.

The rules of procedure "are intended to standardize the practice within the court, facilitate the effective flow of information, and enable the court to rule on the merits of the case." ***McGrath v. Everest National Insurance Co.***, 668 F.Supp.2d 1085, 1100 (N.D. Ind. 2009) (*quoting* ***S.T. v. State***, 764 N.E.2d 632, 635 (Ind. 2002)). The court would prefer to reach the merits on this matter in order to fully resolve all issues. Therefore, the Rule 56(f) motion will be **GRANTED.**

Although Walton expresses the desire to conduct a vast array of discovery, the court will allow an expedited three (3) month period of general discovery during which Walton can inquire into the hiring practices of U.S. Steel and the placement of new em-

ployees, as well as gather whatever witness testimony she believes necessary to support her claims. The court trusts that the scope of discovery will be focused due to the limited time allotted, in accordance with ***American Needle***.

———————————

For the foregoing reasons, the Rule 56(f) Motion for a Stay of Summary Judgment and to Compel Discovery Relevant to Summary Judgment [DE 53] filed by the plaintiff, Marilyn Walton, on October 30, 2009, is **GRANTED**. Plaintiff shall have three (3) months to conduct expedited discovery. Following this, Walton will have fourteen (14) days to respond to U.S. Steel's Motion for Summary Judgment.

ENTERED this 6th day of May, 2010


s/ ANDREW P. RODOVICH
United States Magistrate Judge