```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


MARILYN WALTON,                 )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 2:07 cv 331
                                )
U.S. STEEL; UNITED STATES STEEL )
CORPORATION,                    )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Reconsider [DE 65] filed by the plaintiff, Marilyn Walton, on January 4, 2011. For the following reasons, the motion is DENIED.

Background

The plaintiff, Marilyn Walton, an African American woman, was employed by United States Steel Gary Works from August 2004 until her employment was terminated in 2006, following a complaint she filed with the EEOC alleging race discrimination. Walton alleged that she was subjected to racial epithets and that U.S. Steel assigned positions in a racially discriminatory manner. After she was terminated for referring to another employee as a "nigger", Walton filed a second complaint with the EEOC for retaliation. The EEOC investigated both matters, determined that there was insufficient grounds on which to sue, and issued Walton a notice of the right to sue. Walton filed her

complaint with this court on September 21, 2007, claiming that U.S. Steel violated Title VII, 42 U.S.C. §1981, the collective bargaining agreement, and the Fair Labor Standards Act. U.S. Steel moved for summary judgment on all counts. Walton filed a response on October 6, 2010, responding to all issues except those relating to her FLSA claim.

The court issued its Opinion and Order on U.S. Steel's motion for summary judgment on December 7, 2010. In the Order, the court granted summary judgment in favor of U.S. Steel on all counts except Walton's complaint of retaliatory discharge. In relevant part, the court found that the plaintiff failed to establish a claim under the FLSA because the only complaints that might give rise to a cause of action under the FLSA were her oral complaints concerning her compensation made to her supervisors. Because oral complaints are insufficient to give rise to a claim under the FLSA, the court granted judgment in favor of U.S. Steel.

Walton now, for the first time, refers the court to a letter attached to her complaint as evidence that she made a written complaint concerning her compensation to U.S. Steel and asks the court to reconsider its decision to grant summary judgment in favor of U.S. Steel on her FLSA claim.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." Hope v. United States, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also Talano v. Northwestern Medical Faculty Foundation, Inc., 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (internal quotation omitted). See also United States v. Ligas, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In Frietsch v. Refco, Inc., 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be

> countenanced, some lawsuits really might
> never end, rather than just seeming endless.

56 F.3d at 828

See also Oto v. Metropolitan Life Insurance Company, 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

In its Opinion and Order, the court concluded that Walton's oral complaints concerning her compensation were insufficient to give rise to a claim under the FLSA. Walton now argues that the court erred in failing to consider a written complaint she addressed to U.S. Steel concerning her compensation. Although the written correspondence was addressed in her complaint, Walton never referred to this correspondence in her response to U.S. Steel's motion for summary judgment, nor did she respond in any manner to U.S. Steel's argument concerning her FLSA claim. Because the court must take pleadings into consideration at

summary judgment, the court must acknowledge the written correspondence Walton sent to U.S. Steel concerning her compensation. See Federal Rule of Civil Procedure 56(c)(explaining that the court must consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, . . ." when considering a motion for summary judgment).

However, by failing to respond to the FLSA claim in its entirety, Walton abandoned her claim under the FLSA. Hernandez v. Cook County Sheriff's Office, 2011 WL 650752, *5 (Feb. 24, 2011) (claims raised for first time in reply brief are deemed waived); Palmer v. Marion County, 327 F.3d 588, 597-98 (7th Cir. 2003) (claims not addressed in response to summary judgment are deemed abandoned); Laborers' International Union of North America v. Caruso, 197 F.3d 1195, 1197 (7th Cir. 1999) ("We have long refused to consider arguments that were not presented to the district court in response to summary judgment motions.")(citing Arendt v. Vetta Sports, Inc., 99 F.3d 231, 237 (7th Cir. 1996). In addition, Walton's failure to respond left unproven the remaining elements to establish a prima facie FLSA claim. She did not explain that she engaged in conduct statutorily protected under the Act or show a causal connection between such act and her termination. Therefore, to the extent that Walton did not

abandon her FLSA claim by failing to respond, she failed to satisfy her burden and show that an issue of material fact remained with regard to each element necessary to sustain a claim under the FLSA.  Walton's late attempt to make out a claim under the FLSA, after she ignored it in her response to summary judgment, does not provide grounds to compel the court to overturn its decision.  Walton has not pointed to any errors of law or fact committed by the court, and for this reason, her motion to reconsider is DENIED.

_____

For the foregoing reasons, the Motion to Reconsider [DE 65] filed by the plaintiff, Marilyn Walton, on January 4, 2011, is DENIED.

ENTERED this 15th day of March, 2011

                              s/ Andrew P. Rodovich
                                  United States Magistrate Judge