UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARILYN WALTON,                )
                               )
        Plaintiff              )
                               )
    v.                         )   Case No. 2:07 cv 331
                               )
U.S. STEEL; UNITED STATES STEEL)
CORPORATION,                   )
                               )
        Defendants             )

OPINION AND ORDER

This matter is before the court on the Motion to Have Transcripts Produced at Court Costs [DE 98] filed by the plaintiff, Marilyn Walton, on February 2, 2012. For the reasons set forth below, the motion is **DENIED**.

Background

The plaintiff, Marilyn Walton, filed a *pro se* complaint against her former employer, U.S. Steel, on September 21, 2007. She later amended her complaint to include three counts, including: Count I - Racial Discrimination in Violation of 42 U.S.C. §2000 *et seq.* (Title VII of the Civil Rights Act of 1964); Count II - Race Discrimination in Violation of 42 U.S.C. §1981; and Count III - Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3). U.S. Steel moved for summary judgment on all of Walton's claims. The court granted summary judgment in favor of U.S. Steel on all of Walton's claims except her allega-

tion of retaliatory discharge. A jury trial was held on December 12-13, 2011, on Walton's surviving claim. At the close of Walton's case, the defendants moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. The court determined that Walton did not meet her burden and that no reasonable jury could find in her favor. The court entered judgment in favor of U.S. Steel and dismissed Walton's claim for retaliation.

On January 11, 2012, Walton filed a notice of appeal. Her notice states that she is appealing the judgment entered on December 13, 2011, and does not state that she is appealing the additional claims raised in her amended complaint that were dismissed in the Opinion and Order on U.S. Steel's motion for summary judgment. Walton is proceeding on appeal in forma pauperis and asks the court to waive the fees for the transcripts of the trial.

## Discussion

Title 28 U.S.C. §753 states that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The court has determined that Walton is indigent and unable to afford the costs of appeal. However, the court has not considered whether Wal-

ton's appeal is frivolous. An appeal is frivolous when it is without merit. *Shoenrock v. Astrue*, 2010 WL 987818, *1 (W.D. Wis. 2010); *Moore ex rel. Moore v. Barnhart*, 2003 WL 23111614, *1 (W.D. Wis. 2003) (*citing* *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000)). "Substantiality is viewed differently, depending on whether an IFP appeal is based on evidentiary issues or purely legal claims. When the appeal is based on the former, a 'substantial question' is held to be one that is 'reasonably debatable.' A jury verdict is subject to very limited review . . .". *Jones v. Banks*, 1995 WL 654008, *1 (N.D. Ill. Nov. 3, 1995) (citations omitted).

Walton's notice of appeal states that she is appealing the directed verdict entered by the court on December 13, 2011. Therefore, the sole issue on appeal is whether the court erred by determining that no reasonable jury could find that Walton was retaliated against for filing a charge of discrimination with the EEOC. To present a prima facie case for discriminatory retaliation, Walton was required to prove that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action." *Culver v. Gorman & Company*, 416 F.3d 540, 545 (7th Cir. 2005); *Moser v. Indiana Department of Corrections*, 406 F.3d 895, 903 (7th Cir. 2005).

The only element disputed at trial was whether there was a causal connection between Walton filing her EEOC complaint and her termination seven and a half weeks later.

At trial, U.S. Steel moved for judgment under Rule 50. The court found that Walton's case did not have a legally sufficient evidentiary basis so that no reasonable jury could find in her favor. Walton has not pointed to new evidence or complained that the court failed to consider a substantial amount of evidence that would warrant reconsideration and may lead to a more favorable outcome. There is nothing of record to suggest that Walton can meet her evidentiary burden and show that she was retaliated against. At trial, Walton did not call a single witness who could show, even circumstantially, that her termination was based in part on the charge she filed with the EEOC. Rather, the evidence established that she was terminated for violating U.S. Steel corporate policy. Walton was unable to show that, although she violated U.S. Steel policy, she was treated different than other similarly situated employees who committed a similar violation. Rather, the evidence unequivocally showed that she was treated the same as other employees who violated the no tolerance policy against using racially degrading language. Because the record is devoid of any indication that Walton's

4

claim has merit and will result in a different outcome on appeal, the court finds that Walton's appeal lacks merit.

---

Based on the foregoing, the Motion to Have Transcripts Produced at Court Costs [DE 98] filed by the plaintiff, Marilyn Walton, on February 2, 2012, is **DENIED**.

ENTERED this 8th day of March, 2012

                           s/ Andrew P. Rodovich
                               United States Magistrate Judge