UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION


MARILYN WALTON,                    )
                                   )
          Plaintiff                )
                                   )
     v.                            )     Case No. 2:07 cv 331
                                   )
U.S. STEEL; UNITED STATES STEEL    )
CORPORATION,                       )
                                   )
          Defendants               )


                        OPINION AND ORDER

This matter is before the court on remand from the Seventh Circuit to explain why the court granted appellant leave to proceed in forma pauperis and denied the appellant's requests for transcripts as frivolous.  For the reasons set forth below, the court **VACATES** the January 17, 2012 Order granting the appellant leave to proceed in forma pauperis [DE 97] and **DENIES** the appellant leave to proceed in forma pauperis.

                            Background

The plaintiff, Marilyn Walton, filed a *pro se* complaint against her former employer, U.S. Steel, on September 21, 2007. She later amended her complaint to include three counts:  Count I - Racial Discrimination in Violation of 42 U.S.C. §2000 *et seq.* (Title VII of the Civil Rights Act of 1964); Count II - Race Discrimination in Violation of 42 U.S.C. §1981; and Count III - Retaliation in Violation of the Fair Labor Standards Act, 29

U.S.C. §215(a)(3). U.S. Steel moved for summary judgment on all of Walton's claims. The court granted summary judgment in favor of U.S. Steel on all of Walton's claims except her allegation of retaliatory discharge. A jury trial was held on December 12-13, 2011, on Walton's surviving claim. At the close of Walton's case, the defendant moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. The court determined that Walton did not meet her burden and that no reasonable jury could find in her favor. The court entered judgment in favor of U.S. Steel and dismissed Walton's claim for retaliation.

On January 11, 2012, Walton filed a notice of appeal. Her notice states that she is appealing the judgment entered on December 13, 2011, and does not state that she is appealing the additional claims raised in her amended complaint that were dismissed in the Opinion and Order on U.S. Steel's motion for summary judgment. On January 17, 2012, Walton requested leave to proceed in forma pauperis on appeal, which was granted that same day.

On February 2, 2012, Walton filed a motion to have the trial transcripts produced at court expense. The court entered an Order on March 8, 2012, denying her request. In the Order, the court explained that Walton's claim was frivolous because she did not produce sufficient evidence at trial to establish a prima

facie case.  Specifically, Walton did not call a single witness who could show, even circumstantially, that her termination was based in part on the charge she filed with the EEOC.  Rather, the evidence unequivocally showed that she was terminated for violating U.S. Steel corporate policy.  Additionally, Walton did not point to one similarly situated employee who committed a similar violation and did not face termination.  Evidence was presented to show that other employees who violated the no tolerance policy against using racially degrading language were treated in the same manner.  For these reasons, the record was devoid of evidence to support a prima facie case.

### Discussion

Federal Rule of Appellate Procedure 24(a) states:

> [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> > (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> >
> > (B) claims an entitlement to redress; and
> >
> > (C) states the issues that the party intends to present on appeal.

The appeal must also be taken in good faith.  ***Shoenrock v. Astrue***, 2010 WL 987818, *1 (W.D. Wis. 2010).  "To find that an

appeal is in good faith, a court need only find that a reasonable person could suppose the appeal has some merit." *Moore ex rel. Moore v. Barnhart*, 2003 WL 23111614, *1 (W.D. Wis. 2003) (*citing Walker v. O'Brien*, 216 F.3d 626, 631—32 (7th Cir. 2000)).

In the March 8, 2012 Opinion and Order denying Walton's request for production of the trial transcripts at court expense, the court determined that Walton's appeal is without merit. Walton is proceeding solely on the claim for retaliation. At trial Walton had the burden to prove that "(1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action." *Culver v. Gorman & Company*, 416 F.3d 540, 545 (7th Cir. 2005); *Moser v. Indiana Department of Corrections*, 406 F.3d 895, 903 (7th Cir. 2005). However, as articulated in the March 8 Order, Walton failed to present any evidence to establish a causal connection. Walton did not call one witness who could provide even circumstantial evidence that her termination was based in part on the charge she filed with the EEOC. Walton intends to raise the same issue on appeal, but she has not pointed to new evidence or complained that the court failed to consider any evidence that would warrant reconsideration and may lead to a more favorable outcome. The record is devoid of evidence to show a causal connection between

Walton's EEOC charge and her termination, so leave to appeal in forma pauperis should not have been granted.  The court **VACATES** its January 17, 2012 Order and **DENIES** Walton leave to proceed on appeal in forma pauperis.

ENTERED this 7th day of June, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge